UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 1 2 2010 ★

BROOKLYN OFFICE

———————————————————————

UNITED STATES OF AMERICA,  )
 )
 v. )
 )
VENECIA DESILVA, )
 )
 Defendant. )
 )
———————————————————————)

CR08-332  (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court must indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

1

On April 23, 2009, Venecia Desilva was found guilty after a jury trial to Count One of a twelve-count superseding indictment, which charged that from 2005 until February 26, 2008, the defendant, with others, conspired to defraud financial institutions and others by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds; and, by means of materially false and fraudulent pretenses, in violation of 18 U.S.C. § 1349.

Desilva was sentenced on January 22, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 29 and defendant's criminal history category to be I, yielding a guidelines range of imprisonment of between 87 and 108 months. The base offense level was increased by two points since the defendant abused a position of trust granted by his employment and used a special skill in a manner that significantly facilitated the commission or concealment of the crime. See U.S.S.G. § 3B1.3. The offense carried a maximum term of imprisonment of 30 years. 18 U.S.C. §§ 1343, 1344, and 1349. The guidelines range of fine was from $12,500 to $1,000,000. The underlying charges in the superseding indictment were dismissed upon motion by the government.

Desliva was sentenced to time served in custody, plus five years' supervised release. Probation would be appropriate in this case, but is prohibited by statute. See 18 U.S.C. §§ 3583(a) and (b)(1). A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. A restitution order in the amount of $5,166,900 was entered against the defendant, as consistent with findings in paragraph 17 of the Presentence Investigation Report. Restitution will be payable at a rate of 5%

2

of the defendant's net income per month. There shall be joint and several liability between defendants ordered to pay restitution in this case.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker based upon the particular characteristics of the defendant, discussed further below.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant has a history of psychiatric problems, including at least two nervous breakdowns and bipolar disorder. She has suffered economic hardship, including the initiation of foreclosure proceedings on her home. The defendant has a strong work ethic and has made significant efforts at rehabilitation, recently gaining employment in a field removed from the banking sector. She is the sole supporter of her three children, with whom she is close. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in bank fraud will result in serious punishment. Specific deterrence is not necessary in view of her significant efforts at rehabilitation. It is unlikely that she will engage in further criminal activity in light of her family responsibilities, remorse, and substantial efforts at rehabilitation.

3

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: February 8, 2010
       Brooklyn, New York